IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

              Plaintiff,

        v.

OCTAVIO HERNANDEZ SUAREZ,

              Defendant.

_____/

CR. NO. S-02-0246 EJG
CIV. NO. S-06-2728 EJG

ORDER DENYING MOTION TO
VACATE, SET ASIDE OR CORRECT
SENTENCE

     Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion, and the applicable law, the court has determined the motion may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments. Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons that follow, the motion is DENIED.

///

1

1

BACKGROUND

2     Defendant was convicted May 12, 2004, following a jury

3 trial, of one count of conspiracy to distribute more than 50

4 grams of methamphetamine, and one count of possession with intent

5 to distribute more than 50 grams of methamphetamine, in violation

6 of 21 U.S.C. §§ 841(a)(1) and 846.[1]  At sentencing he affirmed

7 that he had been convicted of a prior drug felony.   He was

8 sentenced July 30, 2004 to a term of 240 months imprisonment and

9 120 months supervised release.  His convictions and sentence were

10 affirmed by the Ninth Circuit Court of Appeals in a memorandum

11 decision filed June 16, 2006.  United States v. Suarez, 185 Fed.

12 Appx. 597 (9th Cir. 2006).

13

DISCUSSION

14     Defendant raises three arguments in support of his motion.

15 First, he argues his trial attorney was ineffective for failing

16 to advise him of a plea offer.  Second, in a related argument,

17 defendant contends his counsel was ineffective for failing to

18 advise him of his right to plead guilty without an agreement.

19 Third, defendant argues his prior state conviction should have

20 been classified as a misdemeanor under federal law, thereby

21 negating the enhancement he received for a prior felony drug

22 conviction.

23

24

    [1] This was the second jury trial.  A mis-trial was declared after the first jury was unable to

25 reach a unanimous verdict, voting 10-2 for guilt.

26

2

1    A.   <u>Failure to inform defendant of plea offer</u>

2        Defendant contends his trial attorney "may" not have

3    informed him of a plea offer received from the government in

4    September of 2003, thus violating his sixth amendment right to

5    effective assistance of counsel.  Had this offer been

6    communicated, argues defendant, he would have accepted it,

7    elected not to proceed to trial, and have received a much shorter

8    term of incarceration.

9        To prevail on a claim of ineffective assistance of counsel,

10   defendant must demonstrate that counsel's performance was

11   deficient and fell below an "objective standard of

12   reasonableness", and that but for the deficiencies, "there is a

13   reasonable probability" the outcome would have been different.

14   <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984).

15   Defense counsel is presumed to have acted reasonably and to have

16   provided constitutionally adequate assistance.  <u>Id.</u> at 690.

17   Moreover, second guessing of counsel's tactical decisions after

18   conviction cannot form a basis for a claim of ineffective

19   assistance.

20       An attorney's failure to communicate a plea offer can be

21   unreasonable conduct under prevailing professional standards.

22   <u>See</u> <u>United States v. Blaylock</u>, 20 F.3d 1458, 1466 (9th Cir. 1994).

23   In support of his claim, defendant attaches a letter dated

24   September 16, 2003 from the government to his trial attorney

25   setting forth the terms of an offer to plead to Count One, in

26                                    3

exchange for a dismissal of the § 851 information charging a prior drug felony conviction.  Defendant contends he did not know of the plea offer until provided with the records of his case by his appellate attorney.

Evidence submitted by the government belies this contention. Declarations of defendant's trial counsel and of the interpreter establish that plea offers were communicated to defendant by his attorney through a court-certified interpreter.  Bolstering the declarations are copies of counsel's time records confirming meetings with defendant to discuss "offer", "plea agreement", "counter-offer" and "final offer".  Both trial counsel and the court interpreter explain that defendant was adamant on each occasion that he was unwilling to except the government's offer. Finally, defendant himself is not sure of the communication, or lack thereof, of a plea offer.  In his memorandum of law in support of his motion, defendant states that his attorney "**may** not have relayed [the] offer. . . ."  Memorandum of Law in Support of Habeas Corpus Motion, p.4 (emphasis added).  Based on the foregoing, this evidence overwhelmingly and "conclusively show[s]" that defendant is not entitled to relief.  See Blaylock, 20 F.3d at 1465, *quoting* 28 U.S.C. § 2255.  Accordingly, this claim for relief is DENIED.

B.   Failure to inform defendant of all options

Defendant also contends that his trial attorney was ineffective by failing to inform him of the possibility of

4

pleading guilty without an agreement.  Specifically, defendant contends that after his first trial ended in a mistrial, his attorney should have told him he could plead guilty and receive a three-level sentence reduction for acceptance of responsibility. In support defendant offers his declaration that he was not informed of all possible options to resolve his case.

Once again, defendant's assertions are simply not credible. The declarations of trial counsel and the court-certified interpreter stand in vivid contradiction to defendant's unsupported conclusory statement.  Defendant, having lost on direct appeal, is looking for any way he can to ameliorate the effects of a lengthy term of incarceration.  However, he cannot do it by picking apart the performance of his attorney without evidence.  As the Supreme Court noted, counsel's performance must be evaluated without the "distorting effects of hindsight".  See Strickland, 466 U.S. at 689.  This claim for relief is DENIED.

C.  Prior drug conviction

Defendant maintains that his sentence was erroneously enhanced for a prior state drug conviction which was improperly classified as a felony, instead of as a misdemeanor.  Defendant, citing the recent Supreme Court Lopez case argues that his sentence of 180 days for a violation of California Health and Safety Code § 11351 converts the offense, possession of heroin for sale, into a misdemeanor.  The argument, and defendant's reliance on Lopez in support of the argument, are misplaced.  In

Lopez, the Supreme Court made clear that a federal sentence can be enhanced for a prior state drug conviction only if the offense is punishable as a felony under the federal Controlled Substances Act. See United States v. Lopez, 127 S.Ct. 625 (2006). Possession of a controlled substance for sale is such an offense. See 21 U.S.C. § 841(a). Defendant's citation to and reliance on United States v. Figueroa-Ocampo in his traverse is inapposite. In that case the prior state drug conviction was for simple possession, an offense that could be construed as a misdemeanor under the federal Controlled Substances Act. United States v. Figueroa-Ocampo, 494 F.3d 1211 (9th Cir. 2007). See also, 21 U.S.C. § 844(a). The *length* of the sentence imposed by the state court is irrelevant to the classification of the offense as a felony or misdemeanor under federal law. Here, the prior conviction is for **possession for sale**, a felony under federal law. Accordingly, defendant's sentence was properly enhanced and this claim for relief is DENIED.

CONCLUSION

Based on the foregoing, defendant's motion to vacate, set aside or correct his sentence is DENIED. The Clerk of Court is directed to close companion case, CIV. NO. S-06-2728 EJG.

IT IS SO ORDERED.

Dated: March 20, 2008

                         /s/ Edward J. Garcia
                    EDWARD J. GARCIA, JUDGE
                    UNITED STATES DISTRICT COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26