IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

OCTAVIO HERNANDEZ SUAREZ,

        Petitioner,        CIV. NO. S-06-2728 EJG
                                        and CR S-02-246 EJG
   v.                      ORDER DENYING RULE 60(B)
                                        MOTION FOR RELIEF FROM
UNITED STATES OF AMERICA,     JUDGMENT

        Respondent.
_____/

    Petitioner, a federal prisoner proceeding pro se, has filed a motion pursuant to Federal Rule of Civil Procedure 60(b) to set aside the court's order denying his § 2255 motion to vacate, set aside or correct his sentence. For the reasons that follow, the motion is DENIED.

## Background

    Defendant was convicted May 12, 2004, of drug trafficking offenses and was sentenced July 30, 2004 to a term of 240 months imprisonment. His convictions and sentence were affirmed by the Ninth Circuit in a memorandum decision filed June 16, 2006. United States v. Suarez, 185 Fed. Appx. 597 (9th Cir. 2006). On

1

December 4, 2006, defendant filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, and a supplement to that motion May 21, 2007.  The motion raised claims of ineffective assistance of counsel and mis-classification of a prior conviction.  It was denied in an order filed March 20, 2008.  A certificate of appealability was denied by the district court on May 23, 2008, and by the Ninth Circuit on April 9, 2009.  Now, more than two years after judgment has been entered on the § 2255 petition, defendant seeks to revisit the issues through a 60(b) motion.

## Discussion

Defendant argues that the court's March 20, 2008 order denying his § 2255 petition failed to reach the merits of all the claims raised.  Specifically, defendant contends that his petition alleged that counsel was ineffective for failing to advise him of the significance of a § 851 enhancement on the length of his sentence and his right to plead "straight up" without an agreement.  Had defendant been aware that the enhancement would add ten years to his sentence he would not have gone to trial and would have pled guilty.  Defendant states that he is utilizing Rule 60(b) to correct a defect in the original § 2255 proceedings, not to mount an indirect attack on his criminal conviction.

In general, a motion filed under section 2255 of Title 28 of the United States Code provides the sole means for a person under

2

sentence of a federal court who claims the sentence was imposed in violation of federal law, or without jurisdiction, or in excess of the maximum sentence allowed by law, to seek relief from that conviction and sentence.  Defendant has already utilized this method, without success.  A second, or successive § 2255 motion may only be brought if certified by an appellate court to meet certain stringent requirements, none of which are present here.  See 28 U.S.C. §§ 2244, 2255.

By seeking relief under Federal Rule of Civil Procedure 60(b), defendant hopes to avoid the mandates of a second motion under § 2255.  However, the fact that federal habeas relief is made more difficult by the "second" or "successive" petition rule, does not mean an alternate route to the same goal is available by reliance on a different procedural vehicle, namely civil rule of procedure 60(b).  In fact, the federal rules of *civil* procedure may be used in the context of habeas proceedings only to the extent they are not inconsistent with the statutory provisions and rules already governing those proceedings.  See Fed. R. Civ. P. 81(a)(2).

The Supreme Court has spelled out the distinction between a successive habeas petition and a Rule 60(b) motion, and states that the title appended to the motion is not determinative.  See Gonzalez v. Crosby, 125 S.Ct. 2641 (2005).  A motion, even though labeled as one under Rule 60(b), will be treated as a second or successive habeas petition, and thus subject to the rules

3

affecting successive petitions, if it raises a "claim" as that term is defined in 28 U.S.C. § 2244. "[A] 'claim' is an asserted federal basis for relief from a . . . judgment of conviction." Gonzalez, 125 S.Ct. at 2647.[1] If the motion attacks the validity of the criminal conviction or sentence, it is a collateral attack under § 2255, no matter what its label. However, if the motion attacks the integrity of the habeas *proceedings*, for example challenging the court's failure to reach the merits of the habeas petition, the motion may properly be considered to arise under Rule 60(b). Gonzalez, 125 S.Ct. at 2651.

Here, defendant argues that he is not asking the court to address a new claim, rather he is asking it to address one previously raised but overlooked. However, a review of the § 2255 petition, its supplement and the traverse make it clear that the claim as presently drafted, that defendant was not advised of the effect of a prior conviction enhancement under § 851, was not contained in the earlier pleadings. Moreover, to the extent defendant believes he was not advised of his right to plead "straight up" without an agreement, the court's prior order unequivocally addressed that issue and belies any contention to

---

[1] Although Gonzalez was decided in the context of a federal challenge to a **state** conviction and sentence under § 2254, its holding is no less applicable to habeas petitions which challenge **federal** convictions under § 2255. See e.g., Yuzary v. United States, 2007 WL 4276864 (S.D.N.Y. filed Nov. 30, 2007); United States v. Bell, 159 Fed. Appx. 48 (10th Cir. 2005); United States v. Scott, 414 F.3d 815 (7th Cir. 2005).

4

the contrary.

Alternatively, if defendant's motion could somehow be construed as an attack on the habeas proceedings themselves as being fatally flawed, it would fail nonetheless.  Other than disagree with the court's decision, and state, without any evidentiary support that he was denied due process, defendant has not demonstrated that the judgment is void (60)(b)(4), or that extraordinary circumstances (60)(b)(6), warrant relief.

## CONCLUSION

Based on the foregoing, defendant's 60(b) motion for relief from judgment is DENIED.

IT IS SO ORDERED.

Dated: June 23, 2010

/s/ Eward J. Garcia
U. S. DISTRICT JUDGE

5