1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                               ----oo0oo----

11

12    UNITED STATES OF AMERICA,          CR. NO. 2:02-246 WBS

13                 Plaintiff,

14          v.                           ORDER

15    OCTAVIO HERNANDEZ SUAREZ,

16                 Defendant.

17

18

19                               ----oo0oo----

20          On May 12, 2004, defendant Octavio Hernandez Suarez was

21    convicted by jury verdict of Counts One and Five of the

22    Indictment.  (Docket Nos. 118-119.)  Count One charged defendant

23    with conspiracy to distribute methamphetamine in violation of 21

24    U.S.C. §§ 846 and 841(a)(1), and Count Five charged him with

25    possession with intent to distribute methamphetamine, aiding and

26    abetting, in violation of 21 U.S.C. § 841(a)(1).  (Presentence

27    Report ("PSR") ¶ 1.)  Because defendant was found to have

28    trafficked at least 50 grams of methamphetamine, (PSR ¶ 25), and

                                     1

previously convicted of a felony drug offense, (PSR ¶¶ 34-35, 60),[1] section § 841(b)(1)(A) mandated a minimum sentence of twenty years' imprisonment for each offense.  See 21 U.S.C. § 841(b)(1)(A)(viii) (2002) (amended 2006).[2]

At defendant's sentencing hearing on July 30, 2004, the court adopted the PSR's recommendations and found that defendant's total offense level was 28 and his criminal history category was III.  (Docket No. 127; PSR ¶ 60.)  Although this would ordinarily result in a guideline range of 97 to 121 months, the court imposed the statutory minimum sentence of 240 months' imprisonment on each of Counts One and Five, to be served concurrently.  (Docket No. 131; PSR ¶ 55); see U.S.S.G. § 5G1.1(b) (2003) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.").  (Mot. (Docket No. 239).)[3]  Amendment 782 retroactively modifies the Drug Quantity Table in § 2D1.1 and reduces by two points the base offense level

---

[1]    On June 11, 2003, the government filed an information charging defendant with a prior felony drug conviction pursuant to 21 U.S.C. § 851.  (Docket No. 57.)

[2]    Section 841 was amended in 2006, 2009, and 2010.  The current version of the statute does not alter defendant's mandatory minimum sentence.  See id. § 841(b)(1)(A)(viii) (2010).

[3]    Defendant initially filed his motion pro se.  (Docket No. 230.)  The court subsequently appointed counsel to represent defendant, (Docket No. 233), after which defendant filed this motion amending the one he previously filed pro se.

2

for most federal drug offenses.  See U.S.S.G. supp. to app. C,
amend. 782 (2014).

        Section 3582(c)(2) provides that, when a defendant is
sentenced "based on a sentencing range that has subsequently been
lowered by the Sentencing Commission . . . the court may reduce
the term of imprisonment . . . if such a reduction is consistent
with applicable policy statements issued by the Sentencing
Commission."  18 U.S.C. § 3582(c)(2).  To grant a motion under 18
U.S.C. § 3582(c)(2), the court must determine that a reduction is
consistent with the policy statement promulgated in § 1B1.10.
Dillon v. United States, 560 U.S. 817, 826-27 (2010).  Section
1B1.10 provides that "a reduction in the defendant's term of
imprisonment is authorized under 18 U.S.C. § 3582(c)(2)" only if
"the guideline range applicable to that defendant has
subsequently been lowered as a result of an amendment to the
Guidelines Manual."  U.S.S.G. § 1B1.10(a) (2003).[4]

        Even if Amendment 782 had been in place at the time
defendant was sentenced, his applicable sentencing range would
have been the same.  As initially calculated, defendant's base
offense level was 34 pursuant to the Drug Quantity Table in
§ 2D1.1(c)(3).  (PSR ¶ 25.)  Because defendant received a
mitigating role adjustment under § 3B1.2, his maximum base
offense level was reduced to 30 pursuant to § 2D1.1(a)(3).  (PSR
¶ 26); § 2D1.1(a)(3) (2003) (providing that a defendant who
receives a mitigating role adjustment under § 3B1.2 shall not

        [4]    "The court shall use the Guidelines Manual in effect on
the date that the defendant is sentenced."  U.S.S.G. § 1B1.11(a)
(2015).  The manual in effect on the date that defendant was
sentenced, July 30, 2004, was the 2003 Guidelines Manual.

1   have a base offense level of more than 30).

2           Defendant then received a two-level reduction pursuant

3   to § 3B1.2(b) for his role as a minor participant in the criminal

4   activity.  (PSR ¶ 28); § 3B1.3 cmt. n.6 (2003) (providing that,

5   if a defendant's base offense level is "reduced by operation of

6   the maximum base offense level in § 2D1.1(a)(3), the court shall

7   also apply the appropriate [role] adjustment under" § 3B1.1).

8   The court thus found that defendant's total base offense level

9   was 28 and his criminal history category was III.

10          Defendant acknowledges that his total offense level

11  would not have changed even in light of Amendment 782.  (Mot. at

12  3.)  Pursuant to Amendment 782, defendant's base offense level

13  under the Drug Quantity Table would be reduced from 34 to 32.

14  This reduction is immaterial to defendant's guideline

15  calculation.  Because the court would still reduce defendant's

16  maximum base offense level to 30 pursuant to § 2D1.1(a)(3) and

17  apply a two-level reduction pursuant to § 3B1(b), defendant's

18  total base offense level would remain at 28, even if Amendment

19  782 were in place at the time he was sentenced.  See United

20  States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009) (holding

21  that the defendant's sentence was not "based on a sentencing

22  range that has subsequently been lowered by the Sentencing

23  Commission," as required by § 3582(c)(2) because his base offense

24  level would have been the same even if the guidelines amendment

25  had been in place at the time he was sentenced).

26          Amendment 782 would also not have affected the

27  imposition of the mandatory minimum sentence here.  See U.S.S.G.

28  § 5G1.1(b) (2003) (requiring that the court apply the statutorily

1   required minimum sentence if it is greater than the maximum of

2   the applicable guideline range).  "It is axiomatic that a

3   statutory minimum sentence is mandatory" and that "[a]

4   retroactive amendment to the Guidelines cannot reduce a sentence

5   below the statutory minimum term."  United States v. Sykes, 658

6   F.3d 1140, 1146 (9th Cir. 2011); see also United States v.

7   Mullanix, 99 F.3d 323, 324 (9th Cir. 1996) (holding that "the

8   mandatory minimum was not affected by the change in the [drug]

9   equivalency tables" and, thus, "the district court had no

10  authority to reduce [the defendant's] sentence under

11  § 3582(c)(2)").

12          Defendant's sentence here was based on the mandatory

13  minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(viii) and

14  § 851(a)(1), and not "on a sentencing range that has subsequently

15  been lowered by the Sentencing Commission" pursuant to 18 U.S.C.

16  § 3582(c)(2).  See United States v. Paulk, 569 F.3d 1094, 1095-96

17  (9th Cir. 2009) (per curiam) ("[Defendant] is not entitled to a

18  reduction because his sentence was not 'based on a sentencing

19  range that has subsequently been lowered by the Sentencing

20  Commission,' 18 U.S.C. § 3582(c)(2), but rather was based on the

21  statutory mandatory minimum under 21 U.S.C. § 841.").  Defendant

22  also acknowledges that, even under Amendment 782, he still would

23  have received the mandatory minimum sentence under 21 U.S.C.

24  §§ 841 and 851.  (Mot. at 3.)  Accordingly, because defendant

25  does not qualify for a sentence reduction under 18 U.S.C.

26  § 3582(c)(2), the court must deny his motion.

27          IT IS THEREFORE ORDERED that defendant's amended motion

28  to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2),

1   (Docket No. 239), be, and the same hereby is, DENIED.

2   Dated:  May 11, 2016

3

WILLIAM B. SHUBB
4   UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28